[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10713

_____

THE BREAKWATER COMMONS
ASSOCIATION, INC.,

Plaintiff-Appellee,

*versus*

EMPIRE INDEMNITY INSURANCE
COMPANY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:20-cv-00031-JLB-NPM

_____

Before Luck, Lagoa, and Tjoflat, Circuit Judges.

PER CURIAM:

On our own motion, we vacate our prior opinion, and substitute it with the following opinion. Empire's motion for panel rehearing is denied as moot.

This appeal concerns a pending insurance contract dispute between The Breakwater Commons Association, Inc., and Empire Indemnity Insurance Company, which issued an insurance policy (the "Policy") to Breakwater for coverage of multiple buildings that Breakwater owns in Naples, Florida. We presume that the parties are familiar with the facts of the case and only discuss those facts necessary for resolution of the appeal.

Following Hurricane Irma, Breakwater filed a first-party claim for property insurance benefits under the Policy, claiming that Hurricane Irma damaged its property and that the damage was covered by the Policy. After its investigation of the claim, Empire found covered damages to some of Breakwater's buildings, but a dispute between the parties arose as to the amount of loss of the claim.

Because of this dispute, Breakwater sought to invoke appraisal based on the Policy's appraisal provision. The appraisal provision provides that if the parties "[d]isagree on the value of the property or the amount of loss, either may request an appraisal of the loss, in writing," sets forth the procedures of the appraisal

process, and states that "[i]f there is an appraisal, [Empire] will still retain [its] right to deny the claim." When Empire refused to go to appraisal, Breakwater sued Empire in Florida state court, and Empire removed the case to federal court based on diversity jurisdiction.

Following removal, Breakwater filed its complaint, alleging one count for declaratory judgment and one count for breach of contract. Breakwater later withdrew its count for declaratory judgment. In response, Empire filed an answer asserting various defenses against Breakwater's complaint. Breakwater then filed a motion to compel appraisal and to stay the proceedings pending the completion of the appraisal process, which Empire opposed.

Breakwater's motion to compel appraisal was referred to a magistrate judge. The magistrate judge issued an order granting Breakwater's motion as to its request to compel appraisal as set forth by the Policy but denied the motion as to its request to stay the proceedings pending appraisal. In doing so, the magistrate judge concluded that: (1) Breakwater did not waive its right to appraisal because it timely invoked the appraisal provision and never acted inconsistent with that right; (2) Breakwater was not required to file a motion for summary judgment or injunctive relief to invoke appraisal; and (3) Breakwater's lawsuit was not premature. The magistrate judge, however, declined Breakwater's request to stay the proceedings because Breakwater did not present any argument in support of a stay beyond the title of its motion.

Empire objected to the magistrate judge's order, but the district court overruled Empire's objections, declining to modify or set aside any part of the order as "clearly erroneous" or "contrary to law" under Federal Rule of Civil Procedure 72(a).  The district court explained that the parties could seek appraisal through a breach of contract action and were not required to file for summary judgment to invoke appraisal.  The court further explained that, under Florida law, appraisal determines only the amount payable under an insurance policy, not whether there is an obligation to pay that amount.  The district court also found that Breakwater did not waive its right to appraisal and that appraisal was not moot. Empire timely appealed the district court's order.

During this appeal, we issued a jurisdictional question to the parties asking them to address whether this Court had appellate jurisdiction over an order that compelled appraisal but did not dismiss or stay the case.  We also asked the parties to address whether orders compelling appraisal are treated the same as orders compelling arbitration for purposes of appellate jurisdiction.

After careful review, and with the benefit of oral argument, we conclude that we lack jurisdiction over the district court's order compelling appraisal for the reasons stated in our recent decision in *Positano Place at Naples I Condominium Association v. Empire Indemnity Insurance Co.*, Nos. 22-11059, 22-10877, 22-11060, 22-10889, 2023 WL 6937601 (11th Cir. Oct. 20, 2023).  Indeed, the order compelling appraisal is an interlocutory order that is not immediately appealable under 28 U.S.C. § 1292(a)(1) or under the Federal

22-10713              Opinion of the Court                    5

Arbitration Act.  *See id.* at *10–11.  Accordingly, we dismiss the appeal for lack of appellate jurisdiction.

**APPEAL DISMISSED.**

22-10894    TJOFLAT, J., Dissenting    1

TJOFLAT, Circuit Judge, dissenting:

For the reasons expressed in my dissent in *Positano Place at Naples I Condominium Association v. Empire Indemnity Insurance Co.*, Nos. 22-11059, 22-10877, 22-11060, 22-10889, 2023 WL 6937601 (11th Cir. Oct. 20, 2023), I dissent to the dismissal of this appeal.